UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Abeth Hashimi,

    Plaintiff,

vs.

46-18 Vernon Blvd LLC, and
Dai Hachi Sushi Corporation,

    Defendants.

**COMPLAINT**

Plaintiff, ABETH HASHIMI ("Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendants, 46-18 VERNON BLVD LLC and DAI HACHI SUSHI CORPORATION ("Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION

**1.**     This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.**     Plaintiff currently resides in Flushing, New York, and is *sui juris*. Plaintiff is a qualified individual with disabilities under the ADA. Plaintiff suffers from a congenital neuromuscular disorder known as Central Nuclear Myopathy which is characterized as a default in the cell structure of voluntary muscles and as a result is bound to ambulate in a wheelchair.

**3.**     Defendant, 46-18 VERNON BLVD LLC, is a domestic limited liability company that transacts business in the State of New York and within this judicial district. Defendant,

1

46-18 VERNON BLVD LLC, is the owner of the real property which is the subject of this action located at 46-18 Vernon Boulevard, Long Island City, NY 11101 (hereinafter, the "Subject Property" or "Facility").

**4.** Defendant, DAI HACHI SUSHI CORPORATION, is a domestic business corporation that transacts business in the State of New York and within this judicial district. Defendant, DAI HACHI SUSHI CORPORATION, is the lessee and owner/operator of the business known as DAI HACHI, located at the Subject Property.

**5.** Plaintiff has visited the Subject Property which forms the basis of this lawsuit around late October, 2024, and again on December 16, 2024. On these occasions, the Plaintiff's ability to partake in the services of the restaurant was hindered, and thwarted by the structural barriers, to wit; inaccessible dining tables at the interior and exterior of the restaurant, inaccessible sushi bar, and restroom. More specifically, for purposes of this suit, the interior dining tables were non-complaint for Plaintiff's wheelchair during his multiple visits, and the alcohol and sushi bar were both out of reach for Plaintiff's wheelchair, and thus prevented him from accessing the public services therein.

**6.** The Plaintiff plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property in the coming months, and thereby determine whether the Subject Property is ADA compliant or if the Defendant's discriminatory policy of wanton indifference to Plaintiff's civil rights continues to be promulgated by the these Defendants. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein is being denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to desist their policy of wilful indifference

and remove the physical barriers to access and ADA violations which exist within the Facility.including but not limited to the inaccessible interior and exterior dining tables, sushi bar, and restrooms.[1]

7. Plaintiff lives only several miles from the Defendants' Facility, passes by the Defendants' Facility at least once per week when he is doing errands, visiting family and friends throughout the borough, and looking to drink and eat out. Moreover, the Defendants' Facility is in a neighborhood that Plaintiff dines out two to three times per month. Foremost, Plaintiff has partaken at, and in, nearly all of the neighboring restaurants surrounding the subject facility that are all without obstructions about twice per month, including but not limited to the Petey's Burger, Gantry Bar and Kitchen, and Blend Lic amongst many others; and thereon affirms that he would eat at the Defendant's restaurant and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

8. The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG. Plaintiff has visited the Subject Property which forms the basis of this lawsuit and plans to return in the coming months to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers

---

[1] These architectural barriers and violations of Title III of the ADA are all outside the normative and allowable specifications and/or numerical factors clearly and unambiguously defined under the ADAAG 28 C.F.R. Part 36, which the Defendants knew, or should have known.

to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

9. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility, with being denied full and equal access to the tables, bars, and even the restroom. In this instance, Plaintiff visited the Facility multiple times wherein he encountered substantial barriers to access at the Facility, attempted to engage said barriers, and suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers that continue to deny access to all similarly situated persons under this protect class, as set forth herein.

10. Plaintiff visited the Facility and encountered barriers to access at the Facility no less than two times, specifically on or about the third or fourth week of October, 2024, and again on December 16, 2024, engaged the barrier when attempting to approach the entrance door, wherein Plaintiff encountered an architectural barriers, wherein the wheelchair could not access and/or traverse, and thus caused Plaintiff to turn back and suffer legal harm and injury thereafter, including sushi or drinks. There was no apparent mechanism for assistance, or other means for accessing services past said architectural barriers. Plaintiff will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth in greater detail herein. The Plaintiff will continue to dine out in the neighborhood of the Defendants' subject property; specifically plans to visit this subject property this summer and autumn with family and friends for nights out, and holidays and events; and will thereon continue to attempt to access the services and facilities at said premises which have been deprived at all times material.

**11.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Eastern District.

## FACTUAL ALLEGATIONS AND CLAIM

**12.** On or about October 2024, and again on December 16, 2024, Plaintiff attempted to access the Facility, but could not do so without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that exist at the Facility, which restrict and/or limit his access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

**13.** New York State Human Rights Law provides: (a) "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … NYS Exec. Law § 296 (2)(a)."

**14.** Plaintiff travels through this neighborhood regularly, has partaken of the services offered in nearly all the surrounding public accommodations, and thereon intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

5

15. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

16. Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

1. First of two exterior dining compartments is inaccessible.

2. Raised floor surface of the first of two exterior dining compartments acts as a barrier to accessibility.

3. Required ramp not provided for raised floor surface of the first of two exterior dining compartments.

   > ADAAG 206.2.5 Restaurants and Cafeterias.
   > In restaurants and cafeterias, an accessible route shall be provided to all dining areas, including raised or sunken dining areas, and outdoor dining areas.
   > ADAAG 206 Accessible Routes
   > ADAAG 206.1 General.
   > Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
   > ADAAG 403 Walking Surfaces
   > ADAAG 403.4 Changes in Level.
   > Changes in level shall comply with 303.
   > ADAAG 303.4 Ramps.
   > Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

4. Inaccessible dining tables located at the two exterior dining compartments.

5. A minimum percentage of existing dining tables required to be accessible not provided at the two exterior dining compartments.

6. Required minimum clear floor space allowing a forward approach not provided at dining tables located at the two exterior dining compartments.

> ADAAG 226 Dining Surfaces and Work Surfaces
> ADAAG 226.1 General.
> Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
> ADAAG 902.2 Clear Floor or Ground Space.
> A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
> ADAAG 305.3 Size.
> The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

7. Inaccessible dining tables located at interior dining area.
8. Required minimum knee and toe clearance not provided at dining tables located at interior dining area.

9. A minimum percentage of existing dining tables required to be accessible not provided at interior dining area.

> ADAAG 226 Dining Surfaces and Work Surfaces
> ADAAG 226.1 General.
> Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
> ADAAG 902 Dining Surfaces and Work Surfaces
> ADAAG 902.1 General.
> Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
> ADAAG 902.2 Clear Floor or Ground Space.
> A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
> ADAAG 306.2 Toe Clearance.
> ADAAG 306.2.3 Minimum Required Depth.
> Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
> ADAAG 306.2.5 Width.
> Toe clearance shall be 30 inches (760 mm) wide minimum.
> ADAAG 306.3 Knee Clearance.
> ADAAG 306.3.3 Minimum Required Depth.

> Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
> ADAAG 306.3.5 Width.
> Knee clearance shall be 30 inches (760 mm) wide minimum.

10. Inaccessible sushi bar dining counter.

11. Non-compliant height of sushi bar dining counter exceeds maximum height allowance.

12. Portion of sushi bar dining counter required to be accessible not provided.

    > ADAAG 226 Dining Surfaces and Work Surfaces
    > ADAAG 226.1 General.
    > Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
    > ADAAG 902 Dining Surfaces and Work Surfaces
    > ADAAG 902.1 General.
    > Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
    > Advisory 902.1 General.
    > Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
    > ADAAG 902.3 Height.
    > The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

13. Inaccessible bar.

14. Non-compliant height of bar exceeds maximum height allowance.

15. Required minimum knee and toe clearance not provided at bar.

16. Portion of bar required to be accessible not provided.

    > ADAAG 226 Dining Surfaces and Work Surfaces
    > ADAAG 226.1 General.
    > Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
    > ADAAG 902 Dining Surfaces and Work Surfaces
    > ADAAG 902.1 General.
    > Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
    > Advisory 902.1 General.

    Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
    ADAAG 902.2 Clear Floor or Ground Space.
    A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
    ADAAG 902.3 Height.
    The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
    ADAAG 306.2 Toe Clearance.
    ADAAG 306.2.3 Minimum Required Depth.
    Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
    ADAAG 306.2.5 Width.
    Toe clearance shall be 30 inches (760 mm) wide minimum.
    ADAAG 306.3 Knee Clearance.
    ADAAG 306.3.3 Minimum Required Depth.
    Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
    ADAAG 306.3.5 Width.
    Knee clearance shall be 30 inches (760 mm) wide minimum.

17. Accessible route to and from men's restroom not provided as required.

18. Required minimum maneuvering clearance not provided at door of men's restroom.

    ADAAG 206 Accessible Routes
    ADAAG 206.1 General.
    Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
    ADAAG 402 Accessible Routes
    ADAAG 402.1 General.
    Accessible routes shall comply with 402.
    ADAAG 402.2 Components.
    Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
    ADAAG 404.2.4 Maneuvering Clearances.
    Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.
    Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

19. Non-compliant door swing of door of men's restroom.

20. Restroom door swings into the floor space of fixtures in men's restroom.

> ADAAG 603 Toilet and Bathing Rooms
> ADAAG 603.1 General.
> Toilet and bathing rooms shall comply with 603.
> ADAAG 603.2.3 Door Swing.
> Doors shall not swing into the clear floor space or clearance required for any fixture.

21. Non-compliant door lock at door of men's restroom requires twisting of the wrist.

> ADAAG 404 Doors, Doorways, and Gates
> ADAAG 404.1 General.
> Doors, doorways, and gates that are part of an accessible route shall comply with 404.
> ADAAG 404.2.7 Door and Gate Hardware.
> Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4
> ADAAG 309.4 Operation.
> Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

22. Inaccessible water closet in men's restroom.

23. Required minimum clearance not provided at water closet in men's restroom.

> ADAAG 604 Water Closets and Toilet Compartments
> ADAAG 604.3 Clearance.
> Clearances around water closets and in toilet compartments shall comply with 604.3.
> ADAAG 604.3.1 Size.
> Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

24. Required grab bars not provided on rear and side walls of water closet in men's restroom.

> ADAAG 604 Water Closets and Toilet Compartments
> ADAAG 604.5 Grab Bars.
> Grab bars for water closets shall comply with 609.
> Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

25. Inaccessible flush control at water closet in men's restroom.

26. Non-compliant position of flush control located at closed side of water closet in men's restroom.

    ADAAG 604 Water Closets and Toilet Compartments.
    ADAAG 604.6 Flush Controls.
    Flush controls shall be hand operated or automatic.
    Hand operated flush controls shall comply with 309.
    Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2.

27. Inaccessible toilet paper dispenser in men's restroom.

28. Non-compliant position of toilet paper dispenser from water closet.

    ADAAG 604 Water Closets and Toilet Compartments.
    ADAAG 604.7 Dispensers.
    Toilet paper dispensers shall comply with 309.4 and shall be 7 inches (180 mm) minimum and
    9 inches (230 mm) maximum in front of the water closet measured to the centerline of the dispenser.

29. Non-compliant height of lavatory in men's restroom exceeds maximum height allowance.

    ADAAG 606 Lavatories and Sinks.
    ADAAG 606.1 General.
    Lavatories and sinks shall comply with 606.
    ADAAG 606.3 Height.
    Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34 inches (865 mm) maximum above the finish floor or ground.

30. Inaccessible mirror in men's restroom.

31. Non-compliant mounted height of mirror in men's restroom exceeds maximum height allowance.

    ADAAG 603.3 Mirrors.
    Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.
    Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

32. Inaccessible coat hook in men's restroom.

33. Non-compliant height of coat hook in men's restroom exceeds maximum height allowance.

    ADAAG 604 Water Closets and Toilet Compartments.
    ADAAG 604.8.3 Coat Hooks and Shelves.
    Coat hooks shall be located within one of the reach ranges specified in 308.
    ADAAG 308.2 Forward Reach.
    ADAAG 308.2.1 Unobstructed.
    Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.
    ADAAG 308.2.2 Obstructed High Reach.
    Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.
    ADAAG 308.3 Side Reach.
    ADAAG 308.3.1 Unobstructed.
    Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be
    15 inches minimum above the finish floor or ground.
    ADAAG 308.3.2 Obstructed High Reach.
    Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

34. Non-compliant door lock at door of women's restroom requires twisting of the wrist.

    ADAAG 404 Doors, Doorways, and Gates
    ADAAG 404.1 General.
    Doors, doorways, and gates that are part of an accessible route shall comply with 404.
    ADAAG 404.2.7 Door and Gate Hardware.
    Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4
    ADAAG 309.4 Operation.
    Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

12

35. Inaccessible water closet in women's restroom.

36. Required minimum clearance not provided at water closet in women's restroom.

    ADAAG 604 Water Closets and Toilet Compartments
    ADAAG 604.3 Clearance.
    Clearances around water closets and in toilet compartments shall comply with 604.3.
    ADAAG 604.3.1 Size.
    Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

37. Non-compliant existing grab bar at rear wall of water closet in women's restroom does not meet minimum size requirement.

    ADAAG 604 Water Closets and Toilet Compartments
    ADAAG 604.5.2 Rear Wall.
    The rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

38. Non-compliant existing grab bar at side wall of water closet in women's restroom does not meet minimum size requirement.

    ADAAG 604 Water Closets and Toilet Compartments
    ADAAG 604.5.1 Side Wall.
    The side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

39. Non-compliant height of lavatory in women's restroom exceeds maximum height allowance.

    ADAAG 606 Lavatories and Sinks.
    ADAAG 606.1 General.
    Lavatories and sinks shall comply with 606.
    ADAAG 606.3 Height.
    Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34 inches (865 mm) maximum above the finish floor or ground.

40. Inaccessible coat hook in women's restroom.

41. Non-compliant height of coat hook in women's restroom exceeds maximum height allowance.

> ADAAG 604 Water Closets and Toilet Compartments.
> ADAAG 604.8.3 Coat Hooks and Shelves.
> Coat hooks shall be located within one of the reach ranges specified in 308.
> ADAAG 308.2 Forward Reach.
> ADAAG 308.2.1 Unobstructed.
> Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.
> ADAAG 308.2.2 Obstructed High Reach.
> Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.
> ADAAG 308.3 Side Reach.
> ADAAG 308.3.1 Unobstructed.
> Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be
> 15 inches minimum above the finish floor or ground.
> ADAAG 308.3.2 Obstructed High Reach.
> Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

17. The above listing is not to be considered all-inclusive of the barriers which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the ADA violations.

18. The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

19. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

21. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

                                                  Respectfully submitted

                                                  BARDUCCI LAW FIRM, PLLC
                                                  5 West 19th Street, 10th Floor
                                                  New York, NY 10011
                                                  (212) 433-2554

                                      By:  <u>s/ Maria-Costanza Barducci</u>
                                                  Maria-Costanza Barducci, Esq.
                                                    *Attorney for Plaintiff*

Bar No. 5070487
MC@BarducciLaw.com

16